THE PEOPLE PLAINTIFF AND RESPONDENT, *v.* SÁEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a case of gaming.

No. 627.—Decided December 8, 1913.

GAMING — OWNER OF HOUSE PERMITTING PLAYING OF MONTE THEREIN — COM-PLAINT.—A complaint charging the accused with wilfully, unlawfully, maliciously and knowingly permitting the prohibited game of monte to be played in his dwelling house, where 12 persons were arrested while engaged in playing the said game and cards and money were seized, states facts sufficient to constitute the offense defined in section 300 of the Penal Code.

ID.—EVIDENCE—DISCRETION OF COURT.—The trial court committed no fundamental error in allowing the *fiscal* to offer in evidence the cards and money seized after the examination of the evidence for the prosecution had been concluded and the accused had made a motion for acquittal on the ground that the said cards and money seized in the game had not been introduced in evidence. The ruling on such a question rests largely in the sound discretion of the court and could serve as a ground for the reversal of the judgment only if it were shown clearly that the court had abused its discretion and prejudiced some substantial right of the appellant.

The facts are stated in the opinion.
*Mr. Charles E. Foote, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of Guayama on May 12, 1913, convicting the appellant, Secundino Sáez, of the offense defined in section 300 of the Penal Code and sentencing him to pay a fine of $5 or in default thereof to undergo one day's imprisonment for each dollar unpaid.

The case originated in the Municipal Court of Guayama and the judgment appealed from was rendered by the district court, which tried the case on appeal. The pertinent part of the complaint reads as follows:

"I, Eduardo G. Torres, Insular policeman, residing at Morse Street, Arroyo, 30 years of age, charge Secundino Sáez with violating the provisions of section 300 of the Penal Code, committed in the following manner: That at 1 a. m. on March 2, 1913, in the ward of Guásimas, at the place known as Mangles, of Arroyo, in the municipal judicial district of Guayama, P. R., the accused, wilfully, unlawfully, maliciously, and knowingly, permitted the prohibited game of monte to be played in his dwelling house, where 12 persons were arrested while engaged in playing the said game and cards and money were seized."

The accused pleaded that the facts as set out in the complaint did not constitute a public offense and his plea was overruled by the court.

Section 300 of the Penal Code reads as follows:

"Every person who knowingly permits any of the games mentioned in the preceding section to be played, conducted or dealt in any house owned or rented by such person, in whole or in part, is punishable as provided in the preceding section."

After examining the complaint in connection with the statute quoted, together with section 299 of the said Penal Code, we must conclude that the court acted correctly in overruling the plea of the appellant for the complaint follows the wording of the statute and the game of monte therein speci-

fied is prohibited expressly by section 299 of the Penal Code. For a more detailed study of this subject see the opinion of this court delivered today in support of the judgment rendered in the case of *The People* v. *Ortiz Ledee et al.*

After the introduction of the evidence for the prosecution the accused moved for an acquittal on the ground that the cards and money used in the game had not been offered in evidence. The court allowed the *fiscal* to introduce the same, to which the accused excepted.

We are also of the opinion that the court did not err in so ruling. Sometimes the law regulates the order in which the evidence should be introduced and examined, but more generally the rules of the court govern and this is a question which comes largely within the sound discretion of the trial court. In order that an error of this kind might serve as a ground for the reversal of a judgment it would have to be shown clearly that the court had abused its discretion and prejudiced some substantial right of the appellant, and this has not been shown in the present case. See the cases of *Arruza* v. *Laugier et al.*, 14 P. R. R., 24; *Rosaly* v. *Graham*, 16 P. R. R., 156; and *The People* v. *Julián*, 18 P R. R., 905.

Having thus decided the only two questions specifically raised by the accused, and having carefully examined the transcript of the record without finding that any fundamental error has been committed, the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.